UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAMES ALEXANDER LOGAN,

                    Plaintiff,

v.                                    Case No.  3:11-cv-646-J-12TEM

C. NEEL, et al.,

                    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff James Alexander Logan, an inmate of the Florida penal system proceeding in forma pauperis, initiated this action by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. #1) on June 30, 2011, pursuant to 42 U.S.C. § 1983.  He names the following individuals as the Defendants in this action: (1) C. Neel, a representative for the Florida Department of Corrections (FDOC), Bureau of Inmate Grievance Appeals; (2) S. Singer, the Warden at Florida State Prison (FSP); (3) K. Adams, Operations Anaylst II, FSP Inmate Grievance Office; and (4) M. Vickers, Grievance Coordinator at FSP.   Plaintiff asserts that, after unnamed FDOC officials at either FSP or Union Correctional Institution (UCI) intentionally lost his personal property on November 5, 2010, the Defendants thereafter refused, through the grievance procedure, to adequately reimburse him for the lost property. As relief, Plaintiff requests compensatory damages from the Defendants.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act, which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar.'" <u>Bilal</u>, 251 F.3d at 1349
(quoting <u>Neitzke</u>, 490 U.S. at 328).

Additionally, in any section 1983 action, the initial inquiry
must focus on whether the two essential elements to a section 1983
action are present:  (1) whether the person engaged in the conduct
complained of was acting under color of state law; and (2) whether
the alleged conduct deprived a person of rights, privileges or
immunities guaranteed under the Constitution or laws of the United
States.  <u>Houston v. Williams</u>, 547 F.3d 1357, 1360-61 (11th Cir.
2008) (citing 42 U.S.C. § 1983).

In support of his claims, Plaintiff provides the following
relevant facts.  After his property was lost, Plaintiff grieved the
issue.  In response to his grievance, Defendant Adams responded in
pertinent part:

> Your request for administrative remedy has
> been received, reviewed and evaluated.  It has
> been determined that your property was somehow
> lost during your transfer from FSP to UCI on
> 11/5/10.  Your property was inventoried and
> was transported with you but upon your return
> on 11/9/10 you had no property with you.
> Contact was made with UCI and they advised
> they have no property in storage for you.  It
> is recommended that a claim be filed to the
> Division of Risk Management to have you
> reimbursed $95.04 for the items you are
> missing. . . .

Memorandum from K. Adams, Operations Analyst II, to Inmate Logan,
dated March 15, 2001.  On May 11, 2011, in response to Plaintiff's
grievances, Defendant Neel stated in pertinent part:

3

> Your request for administrative review has
> been received, reviewed, and evaluated.
>
> An amended response to formal grievance 1101-
> 205-279 was completed on 03/15/2011 approving
> reimbursement/replacement for the missing
> items. If you do not agree with the action
> taken as a result by the institution, you
> should re-submit your complaint indicating
> same, and initiating it at the informal level.

Response, dated May 11, 2011; see also Response, dated May 12,

2011.

On May 22, 2011, Plaintiff grieved the matter again and stated

that he would not agree to $95.04 as reimbursement, but requested

$1400.00 as a fair reimbursement for the lost property. Defendant

Vickers, the Grievance Coordinator at FSP, denied his grievance,

stating:

> An investigation was completed[,] and it was
> determined what property you were missing from
> your property slip. A reimbursement was being
> processed but your failure to sign the
> appropriate forms resulted in that process
> being halted. As explain[ed] by Mr. Brunt[,]
> by not signing the forms[,] you forfeited the
> right to that reimbursement. . . .

Response, dated May 23, 2011.

On May 24, 2011, Plaintiff appealed Defendant Vickers'

"improper decision" to Defendant Warden Singer and stated that a

fair reimbursement would be $1400.00, not $95.04. Request for

Administrative Remedy or Appeal, dated May 24, 2011. On May 25,

2011, Defendant Adams responded that Defendant Vickers' response

(Log # 5231115) had appropriately addressed Logan's concerns.

4

Response, dated May 25, 2011.  On June 2, 2011, Plaintiff grieved the issue to the Secretary of the FDOC.  Request for Administrative Remedy or Appeal, dated June 2, 2011.  On June 10, 2011, Defendant Neel responded that Defendant Vickers' response appropriately addressed the matter.  Response, dated June 10, 2011.

Upon review of the Complaint, including the exhibits, the Court is convinced that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. Plaintiff Logan asserts that the reimbursement amount of $95.04 offered by the DOC was not adequate and that the Defendants, in denying his grievances, refused to fairly reimburse him in the amount of $1400.00 for his lost property, caused by unnamed FDOC officials.

First, the mere fact that the Defendants denied Plaintiff's grievances regarding this matter is insufficient to impose liability under § 1983. See Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. 2007) (not selected for publication in the Federal Reporter) (finding that a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed.Appx. 61, 62 (11th Cir. 2005) (per curiam) (not selected for publication in the Federal Reporter) ("Because the failure of [the defendants] to take corrective action upon the filing of [the plaintiff]'s administrative appeal at the institutional level did

not amount to a violation of due process, the district court
properly determined that [the plaintiff] failed to state a claim
under § 1983"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.
1999) (finding that prison officials who were not involved in an
inmate's termination from his commissary job, and whose only roles
involved the denial of administrative grievances or the failure to
act, were not liable under § 1983 on a theory that the failure to
act constituted an acquiescence in the unconstitutional conduct).
Thus, Plaintiff's claims against the Defendants are due to be
dismissed.

Moreover, with regard to the loss of property, a procedural
due process violation is not cognizable where an adequate means of
redressing that violation exists under state law. See Hudson v.
Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional
deprivation of property by a state employee does not constitute a
violation of the procedural requirements of the Due Process Clause
of the Fourteenth Amendment if a meaningful postdeprivation remedy
for the loss is available."); Parratt v. Taylor, 451 U.S. 527, 543-
44 (1981) (holding that the Due Process Clause of the Fourteenth
Amendment is not violated when a state employee deprives an
individual of property, provided that the state makes available a
meaningful post-deprivation remedy), overruled in part on other
grounds, Daniels v. Williams, 474 U.S. 327 (1986). The State of
Florida has provided an adequate post-deprivation remedy for the

6

seizure of Plaintiff's property; thus, there is no constitutional violation.   See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009).   As long as Plaintiff could have been fully compensated for his property loss, the state remedy satisfies procedural due process.

Plaintiff alleges, and the exhibits similarly indicate, that the FDOC was willing to reimburse Plaintiff, but that Plaintiff opined that the amount was not adequate.   The Department's willingness to reimburse Plaintiff is based on the prison's review of Plaintiff's grievances and conclusion that his property was apparently lost during his transfer.   Although the Department agreed to reimburse him, the property loss does not rise to the level of a federal constitutional deprivation.   Moreover, as conceded by Logan, none of the named Defendants were involved in the apparent property loss.

Finally, Plaintiff's action for compensatory damages against the Defendants for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated.   Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.   Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury

suffered while in custody. <u>Al-Amin v. Smith</u>, 637 F.3d 1192 (11th Cir. 2011); <u>Hale v. Sec'y, Dept. of Corr.</u>, 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter).   An action barred by § 1997e(e) is barred only during Plaintiff's imprisonment.   Here, Plaintiff does not allege any physical injury as a result of Defendants' actions; he simply states that the Defendants have refused to grant his grievances and fairly reimburse him for the lost property, which he maintains would be in the amount of $1400.00.

Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1.   The case is **DISMISSED without prejudice.**

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13TH day of July, 2011.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 7/1
c:
James Alexander Logan